Louis King **CAMPBELL**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–83–00755–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 28, 1988.

Rehearing Denied March 10, 1988.

John J. Browne, Browne & Moore, Houston, for appellant.

John B. Holmes, Harris Co. Dist. Atty., Winston E. Cochran, Jan Krocker, Harris Co. Asst. Dist. Attys., for appellee.

Before EVANS, C.J., and SAM BASS and WARREN, JJ.

## OPINION

### ON REMAND

EVANS, Chief Justice.

A jury found the appellant guilty of murder and assessed his punishment at life imprisonment. This Court, in a prior unpublished opinion, affirmed the conviction, *Campbell v. State*, No. 01–83–00755 (Tex. App.—Houston [1st Dist.], August 12, 1984), but on the appellant's petition for discretionary review, the Court of Criminal Appeals reversed this Court's judgment and remanded the case to this Court. *Campbell v. State*, 718 S.W.2d 712 (Tex. Crim.App.1986).

It is undisputed that the appellant killed the deceased by striking him on the head with some heavy object. The State's only eyewitness to the incident testified that she heard the appellant and the deceased argue about some lawn mowers that the deceased had loaned to the appellant. She said that just before the argument, the appellant was sitting on the porch of his house talking with several persons and was holding a bumper jack in his hands at the time. The deceased turned to leave and started to walk away, when the appellant struck him from behind with the bumper jack. The appellant then struck the deceased a second time, and after the deceased fell to the ground, the appellant removed an envelope from the decedent's shirt pocket that evidently contained money.

The appellant and two other defense witnesses testified, in effect, that the appellant acted in self-defense. The appellant's version of the incident was that he started to help an injured woman, who was lying in the street, when the deceased got mad at him and advanced towards him with a knife. He then retreated to a lumber pile, picked up a two-by-four, and hit the deceased on the head. He said the deceased went back to his car, stating that he was going to get a gun, but fell to the ground before he reached the car. The defense contended that there had been no argument about lawn mowers; that the State's eyewitness was not at the scene; that the appellant did not have a bumper jack but only a piece of lumber; and that the deceased had a knife and was threatening to get a gun when the appellant struck him one time.

The appellant was charged with the deceased's murder as a result of information supplied by the State's eyewitness to the Crime Stoppers program, which in turn forwarded the information to the police. On cross-examination of the State's eyewitness, the defense elicited the fact that

about one month after the eyewitness gave information to Crime Stoppers, she was paid the sum of $400 by that program. In an effort to rehabilitate the witness' testimony, the State called, as a rebuttal witness, the police detective who had interviewed the eyewitness. Over objection, the police officer testified that on several occasions he had discussed the crime with the eyewitness, and that she always said the "same things" and "never changed her story."

The Court of Criminal Appeals concluded that the State had the burden of establishing a predicate for the admission of the rehabilitation testimony, but that the testimony was inadmissible because the witness' statements to the detective were made after she had been promised money in return for the information. Thus, the court held that because the statements were made after the witness had a motive to testify falsely, none of the statements were admissible to rebut a claim of recent fabrication. *Campbell v. State*, 718 S.W. 2d at 715. The Court of Criminal Appeals therefore reversed this Court's judgment and remanded the cause to this Court to determine whether the appellant had been harmed by the erroneous admission of such testimony.

Under Tex.R.App.P. 81(b)(2), we must reverse the judgment unless we determine, beyond a reasonable doubt, that the erroneous evidence made no contribution to the conviction or the punishment. Stated otherwise, we must reverse if the record shows that there is a reasonable possibility that the evidence complained of might have contributed to the conviction. *Graham v. State*, 710 S.W.2d 588, 592 (Tex.Crim.App. 1986).

Here, the appellant's conviction rested entirely on the credibility of the State's only eyewitness to the murder, whose version of the incident was directly contrary to the appellant's claim of self-defense. The testimony of the police detective regarding the eyewitness' prior consistent statements served to bolster her version of the incident and to support the State's theory of the case. The issue of self-defense was a dis-

puted and central issue in the case, and we find that there is a reasonable possibility that the erroneous admission of the police detective's testimony contributed to the appellant's conviction. *See Graham v. State*, 710 S.W.2d at 588; *Garrett v. State*, 641 S.W.2d 232 (Tex.Crim.App.1981).

We reverse the trial court's judgment and remand the cause for a new trial.